# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN EUGENE LEPLEY,

    *Petitioner*,

vs.

TIMOTHY FILSON, *et al.*,

    *Respondents*.

3:17-cv-00693-HDM-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial review. The Court finds that petitioner is unable to pay the filing fee, and the pauper application therefore will be granted. On initial review, it appears that the Court lacks jurisdiction over the petition because it constitutes a successive petition. Petitioner therefore will be directed to show cause why the petition should not be dismissed without prejudice for lack of jurisdiction.

### *Background*

Petitioner Brian Lepley challenges the lifetime supervision imposed by his Nevada judgments of conviction.

The record and order of dismissal in petitioner's prior habeas action in No. 2:14-cv-01575-JAD-GWF reflects the following state and federal procedural history.

Petitioner originally was convicted, pursuant to a jury verdict, of one count of sexual assault; one count of open or gross lewdness; two counts of offering, attempting, or committing an unauthorized act relating to a controlled substance; five counts of possession

of a controlled substance, and one count of intentional transmission of the human immunodeficiency virus.

The original judgment of conviction was filed on May 6, 1998, and included, *inter alia*, the following provision:

> The Defendant shall be ordered to lifetime supervision to commence after this term of imprisonment and period of release on parole, pursuant to NRS 176.113.

(No. 2:14-cv-01575, ECF No. 21-3, Exhibit 82.)

On appeal, the Supreme Court of Nevada, in No. 32562 in that court, reversed the sexual assault conviction due to trial error, affirmed the conviction on the remaining counts, and remanded for a new trial on the sexual assault count.

On remand, petitioner again was found guilty of sexual assault.

On May 9, 2002, the state district court entered a judgment of conviction only on the sexual assault charge, leaving the May 6, 1998, judgment of conviction untouched. The judgment included, *inter alia*, the following provision:

> Defendant having been convicted of a sexual offense listed in NRS 176.0931, shall receive a special sentence of lifetime supervision as a sex offender.

(No. 2:14-cv-01575, ECF No. 23-22, Exhibit 153.)

Thereafter, on August 9, 2010, the district court entered an amended judgment of conviction as to the May 9, 2002, judgment that gave petitioner presentence credit for 1404 days. The amended judgment of conviction carried forward, *inter alia*, the above-quoted provision as to lifetime supervision. (ECF No. 1-1, at 27-30.)

Petitioner has identified no other amended or corrected judgments of conviction filed after August 9, 2010.[1]

On or about September 21, 2014, petitioner dispatched his federal petition in No. 2:14-cv-01575, challenging his custody under the above-referenced judgments. In Ground 1 of the

---

[1] Petitioner attached copies of the above-referenced judgments as exhibits to the current petition. See ECF No. 1-1, at 13-18 & 24-30.

1  amended petition in that matter, petitioner alleged, *inter alia*, that, as a result of the manner
2  in which the multiple judgments were entered, his sentence or sentences had fully expired.
3  In Ground 2 of the amended petition, he alleged, *inter alia*, that imposition of the special
4  sentence of lifetime supervision violated ex post facto, due process, and double jeopardy
5  constitutional protections because, *inter alia*, his offense allegedly occurred before certain
6  Nevada state statutes providing for lifetime supervision were enacted. In Ground 3, he
7  alleged, *inter alia*, that he was denied due process because Nevada did not have jurisdiction
8  over the offenses because they occurred in California.

By an order and judgment of dismissal entered on March 1, 2016, the Court dismissed the petition in No. 2:14-cv-01575 with prejudice as untimely. Petitioner filed a post-judgment motion, which was denied; and petitioner thereafter did not appeal the dismissal. The time to do so expired on or about May 12, 2016.

In the current action, which was dispatched for filing on or about November 19, 2017, petitioner challenges his custody under the same judgments and again attacks in particular the special sentence of lifetime supervision. He claims, *inter alia*, that he was denied effective assistance of trial counsel and ex post facto constitutional protections because, *inter alia*, his offense occurred before certain statutes providing for lifetime supervision were enacted.

Petitioner attaches with the current federal petition a copy of a July 12, 2017, order by the Supreme Court of Nevada, in No. 71687 in that court, affirming the denial of a petition for a writ of habeas corpus. The state supreme court construed the claims presented to that court at that time as arguing "that [petitioner] was improperly denied parole at this April 2016 parole hearing and that his rights were denied by retroactive application of NRS 213.1245 and NRS 213.1214." (ECF No. 1-1, at 45.) Petitioner acknowledges in his current federal petition that not all of the claims presented in the federal petition were presented to the state supreme court. (ECF No. 1-1, at 1.) The single ground in the current federal petition challenges the imposition of the special sentence of lifetime supervision in the judgments of conviction entered in his criminal case.

/ / / /

Petitioner acknowledges that he has not sought and obtained authorization from the Court of Appeals to file a second or successive petition. (ECF No. 1-1, at 3.)

### *Discussion*

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S. 147, 149 & 152-53 (2007). In the present petition, petitioner seeks to challenge his custody under the same judgments of conviction that he previously challenged in No. 2:14-cv-01575; and he in particular again challenges the special sentence of lifetime supervision imposed by said judgments. The present petition constitutes a second or successive petition because the prior federal petition was dismissed as untimely. *See McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009). Petitioner accordingly must show cause why the petition should not be dismissed for lack of jurisdiction as a successive petition.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is GRANTED and that petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition[2] and that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed for lack of jurisdiction as a successive petition. If petitioner does not timely respond to this order, the petition will be dismissed as a successive petition without further advance notice. If petitioner responds but fails to demonstrate that the petition is not subject to dismissal as a successive petition, the action will be dismissed.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that

---

[2]Nothing herein suggests that the petition is free of other deficiencies, including, but not limited to, untimeliness under 28 U.S.C. § 2244(d).

1 are not specific as to time and place, that are not made pursuant to a declaration under
2 penalty of perjury based upon personal knowledge, and/or that are not supported by
3 competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies
4 of all materials upon which he bases his argument that the petition should not be dismissed
5 as a successive petition.  Unsupported assertions of fact will be disregarded.

DATED:  November 29, 2017

_____
HOWARD D. MCKIBBEN
United States District Judge